## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHAZMON JAMES**                                                **CIVIL ACTION**

**VERSUS**                                                           **NO.  18-6059**

**WARDEN KEITH DEVILLE**                             **SECTION "B"(2)**

## REPORT AND RECOMMENDATION

     This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

## I.    FACTUAL BACKGROUND

     The petitioner, Chazmon James, is a convicted inmate incarcerated in the Winn Correctional Center in Winnfield, Louisiana.[2]  On April 19, 2011, James was charged in

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 3.

Washington Parish by bill of information with attempted second degree murder.[3]  The

Louisiana First Circuit Court of Appeal summarized the facts established at trial:

> On or about March 18, 2011, near 10:00 p.m., brothers Less Dillon, Jr. (the victim) and James Buckley were standing outside of their aunt's house, on New Orleans Street, in Bogalusa, with their cousin Ronell Sartin, as a vehicle approached.  They observed the vehicle as it came around the corner and pulled up to the residence, and as one of the occupants opened his door, aimed a firearm at the victim, and started firing shots.  The victim's left arm and side were struck by the gunfire as he attempted to flee.  Dillon and Buckley testified during the trial and positively identified the defendant as the shooter.  The defendant and the victim had a "fist fight" approximately one or two days before the shooting, preceded by a verbal altercation that took place a couple of months before the fight and instant shooting.

State v. James, No. 2012-KA-1817, 2013 WL 5915219, at *1 (La. App. 1st Cir. 2013);

State Record Volume 3 of 4, Louisiana First Circuit Court of Appeal Opinion, 2012-KA-

1817, page 2, November 1, 2013.

James was tried before a jury on April 23 and 24, 2012, and found guilty as

charged.[4] Following hearings on May 29 and 31, 2012, the state trial court denied

James's motion for a new trial.[5]  On July 9, 2012, the court sentenced James to 40 years

---

[3]St. Rec. Vol. 1 of 4, Bill of Information, 4/19/11.

[4]St. Rec. Vol. 1 of 4, Trial Minutes, 4/23/12; Trial Minutes, 4/24/12; Trial Transcript, 4/23/12; St. Rec. Vol. 2 of 4, Trial Transcript, 4/24/12.

[5]St. Rec. Vol. 1 of 4, Hearing Minutes, 5/29/12; Hearing Minutes, 5/31/12; Motion for New Trial, 4/27/12; St. Rec. Vol. 3 of 4, Hearing Transcript, 5/29/12; Hearing Transcript, 5/31/12.

in prison without benefit of parole, probation or suspension of sentence.[6]  Several weeks later, James's trial counsel filed another motion for a new trial and a motion to amend the motion for new trial and for reconsideration of the sentence, which the state trial court denied on July 30, 2012.[7]

On direct appeal, James's appointed counsel asserted two errors:[8] (1) The state trial court erred by refusing the introduction of evidence at the hearing on the motion for new trial. (2) The victim's recantation was credible and would have changed the verdict.

On April 23, 2013, three weeks after James's appeal brief was filed on April 4, 2013, his trial counsel filed another motion for new trial in the state trial court based on new evidence.[9]  On May 8, 2013, the state trial court denied the motion because there was no showing that the evidence previously was not discoverable, citing La. Code Crim. P. art. 851(3).[10]

---

[6]St. Rec. Vol. 1 of 4, Sentencing Minutes, 7/9/12; St. Rec. Vol. 3 of 4, Sentencing Transcript, p. 13, 7/9/12.

[7]St. Rec. Vol. 3 of 4, Motion for New Trial, 7/26/12; Motion to Amend Motion for New Trial and Reconsider Sentence, 7/27/12; Trial Court Order, 7/30/12.

[8]St. Rec. Vol. 3 of 4, Appeal Brief, 2012-KA-1817, 4/4/13; Reply Brief, 2012-KA-1817, 5/6/13.

[9]St. Rec. Vol. 3 of 4, Motion for New Trial, 4/23/13.

[10]St. Rec. Vol. 3 of 4, Trial Court Order, 5/8/13.

On July 10, 2013, the Louisiana First Circuit granted James's motion to remand the matter to allow the state trial court to rule on his motion for new trial.[11]  On July 24, 2013, the state trial court issued an order indicating that it had already denied all of the motions for new trial on or before May 8, 2013, and none were then pending.[12]

On August 28, 2013, the Louisiana First Circuit remanded the matter again specifying that, due to appeal, the trial court was divested of jurisdiction when it entered the May 8, 2013, order addressing James's April 23, 2013, motion for new trial.[13]  The court ordered the trial court to "rule anew" on that specific motion.

On September 6, 2013, the state trial court complied and denied James's motion for new trial, because he made no showing that the evidence was not previously discoverable, citing La. Code Crim. P. arts. 894, 856.[14]  On September 16, 2013, the state trial court denied James's motion to reconsider that ruling.[15]

---

[11]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2012-KA-1817, 7/10/13.  The state court record does not contain a copy of the motion to remand itself.

[12]St. Rec. Vol. 3 of 4, Trial Court Order, 7/24/13.

[13]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2012-KA-1817, 8/28/13.

[14]St. Rec. Vol. 3 of 4, Trial Court Order, 9/6/13.

[15]St. Rec. Vol. 3 of 4, Trial Court Order, 9/16/13; Motion to Reconsider, 9/3/13.

On November 1, 2013, the Louisiana First Circuit affirmed James's conviction and sentence, finding meritless the claims asserted in his appeal.[16]  On January 17, 2014, the appellate court denied James's application for rehearing.[17]

James's conviction became final 30 days later, on Tuesday, February 18, 2014,[18] when he did not seek review in the Louisiana Supreme Court.  See Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)); La. S. Ct. R. X§5.

On March 10, 2014, and April 14, 2014, the state trial court denied as untimely two subsequent motions for new trial filed by James's trial counsel.[19]  He did not seek review of either order.

---

[16]James, 2013 WL 5915219, at *1; St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2012-KA-1817, 11/1/13.

[17]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2012-KA-1817, 1/17/14; 1st Cir. Application for Rehearing, 2012-KA-1817, 11/15/13.

[18]The 30th day was Sunday, February 16, 2014.  Monday, February 17, 2014, was the Presidents' Day holiday.  The deadline therefore fell to the next business day, Tuesday, February 18, 2014.  See La. Code Crim. P. art. 13 (weekends and holidays not included in calculation when it would be the last day of the period); Fed. R. Civ. P. 6.

[19]St. Rec. Vol. 3 of 4, Motion for New Trial, 2/12/14; Trial Court Order, 3/10/14; Motion for New Trial, 4/3/14; Trial Court Order, 4/14/14.

On October 12, 2015, with new counsel, James filed an application for post-conviction relief asserting the following grounds:[20] (1) James was denied effective assistance of counsel when trial counsel gave erroneous advice concerning the plea bargain. (2) James was denied effective assistance on appeal when appellate counsel failed to assert meritorious claims on appeal. (3) James was denied due process during sentencing, because the state trial court considered his arrest on a first degree murder charge at the sentencing.  On January 25, 2016, the state trial court denied relief finding the claims meritless.[21]

On June 21, 2016, the Louisiana First Circuit denied without stated reasons the related writ application filed by counsel.[22]   On December 15, 2017, the Louisiana Supreme Court denied James's counsel-filed writ application, finding the ineffective assistance of counsel claims meritless under Strickland v. Washington, 466 U.S. 668 (1984), and the sentencing claim not cognizable on post-conviction review under La. Code Crim. P. art. 930.3 and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996).[23]

---

[20]St. Rec. Vol. 3 of 4, Application for Post-Conviction Relief, 10/12/15.

[21]St. Rec. Vol. 3 of 4, Trial Court Order, 1/25/16.

[22]St. Rec. Vol. 4 of 4, 1st Cir. Order, 2016-KW-00593, 6/21/16; 1st Cir. Writ Application, 2016-KW-0593, 5/9/16.

[23]State v. James, 231 So.3d 613 (La. 2017); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2016-KP-1384, 12/15/17; La. S. Ct. Writ Application, 16-KP-1384, 7/22/16 (postmarked 7/21/16).

III.   FEDERAL HABEAS PETITION

On July 9, 2018, after correction of certain deficiencies, the clerk of this court filed James's federal habeas corpus petition in which he asserts the following grounds for relief:[24] (1) He was denied due process when he was not allowed to introduce evidence or proffer testimony in support of the motion for a new trial. (2) He was denied effective assistance when counsel gave erroneous legal advice related to the plea offer. (3) His post-conviction counsel provided ineffective assistance, because counsel failed properly to litigate the claim of ineffective assistance of trial counsel related to the plea offer. (4) He was denied effective assistance of appellate counsel for failure to assert claims based on objections made at trial.

The State filed a response in opposition to James's federal petition, asserting that the petition is time-barred, and reserving its right to assert other defenses and address the merits of the claims, if necessary.[25]

James filed a reply to the State's opposition in which he argues that he is entitled to equitable tolling.[26] James asserts that his appointed appellate counsel, Frank Sloan, was supposed to file a writ application with the Louisiana Supreme Court after the direct appeal.   He claims that Sloan "became very ill" during the time the "brief to the

---

[24]Rec. Doc. No. 1.

[25]Rec. Doc. No. 10.

[26]Rec. Doc. No. 11.

7

Louisiana Supreme Court should have been prepared and filed" and subsequently died.[27] James claims to not know that Sloan died or that no brief had been filed until September 2015, when his mother was contacted by the Louisiana Appellate Project and given James's paperwork.[28]  James asserts that he then sought to retain counsel to pursue post-conviction relief in the state courts. James argues that he is entitled to equitable tolling for the period of time from issuance of the Louisiana First Circuit's appellate opinion on December 1, 2013, through his discovery of the death of counsel in September 2015, which would render his federal petition timely filed.

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[29] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to James's petition, which, for reasons discussed below, is deemed filed on June

---

[27]Rec. Doc. No. 11, p.1.

[28]Rec. Doc. No. 11, pp. 1, 3.

[29]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

11, 2018.[30]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts and the record establishes that James's federal petition was not timely filed, and I also find that state court review of two of his claims has not been exhausted.[31]  For the following reasons, I recommend that James's petition be dismissed with prejudice as time-barred.

---

[30]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court entered James's petition on June 18, 2018, and opened the case on July 9, 2018, when the filing fee was paid. James dated his signature on the form petition on June 11, 2018.  This is the earliest date appearing in the record on which he could have submitted his pleadings to prison officials for mailing to a federal court.  Payment of the filing fee does not alter the application of the federal mailbox rule.  Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002).

[31]The arguments asserted in James's first claim were brought by his appointed counsel on direct appeal to the Louisiana First Circuit, but were never presented to the Louisiana Supreme Court.  In addition, his third claim challenges the effective assistance of his post-conviction counsel, a claim not asserted in any state court.

IV.    <u>STATUTE OF LIMITATIONS</u>

The AEDPA requires that a Section 2254 petition must ordinarily be filed within one year of the date the conviction became final.[32]  <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80 (2001).  James's conviction became final on February 18, 2014, when he did not seek review of his direct appeal in the Louisiana Supreme Court.  Applying Section 2244 literally, James had one year from finality of his conviction, until February 18, 2015, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

---

[32]The statute of limitations provision of the AEDPA in 28 U.S.C. § 2244(d) provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations in which the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

In support of his request for equitable tolling, James asserts in this court for the first time that he thought his appointed appellate counsel would file a Louisiana Supreme Court writ application following his direct appeal.[33]  He also contends that he was unaware that no writ application had been filed until his mother was advised in September 2015 that his appointed appellate counsel had died.

The Louisiana First Circuit decided James's direct appeal on November 1, 2013, and denied his request for rehearing on January 17, 2014.  Under La. S. Ct. R. X § 5,

---

[33] Rec. Doc. No. 11.

James had 30 days from January 17, 2014, or until Tuesday, February 18, 2014,[34] to file a writ application with the Louisiana Supreme Court.

According to the records of the Louisiana State Bar Association, James's appellate counsel, Frank Sloan, died on March 30, 2014.[35]  Counsel's death was more than five weeks <u>after</u> the deadline for filing a Louisiana Supreme Court writ application, and therefore fails to establish a basis for equitable tolling.  <u>See</u> <u>McFadden v. Davis</u>, No. 11-cv-85, 2012 WL 333760, at *3 (S.D. Miss. Jan. 10, 2012), <u>report and recommendation adopted by</u> 2012 WL 316060, at * 1 (S.D. Miss. Feb. 1, 2012).

In the informative <u>McFadden</u> case, the petitioner filed for federal habeas relief claiming his entitlement to equitable tolling.  <u>Id</u>.  McFadden asserted that, after his direct appeal was denied on May 23, 2006, he paid retained counsel "to tak[e] care of" filing a writ application in the Mississippi Supreme Court.  <u>Id</u>. at *3.  McFadden claimed that in April 2008, after his counsel died, his father called the state supreme court and learned that no writ application had been filed.  McFadden argued that, until that time, he believed that his retained counsel had filed what needed to be filed.  The federal district

---

[34]As already calculated for the finality of his conviction, the 30th day was Sunday, February 16, 2014.  Monday, February 17, 2014, was the Presidents' Day holiday.  The deadline therefore fell to the next business day, Tuesday, February 18, 2014.  See La. Code Crim. P. art. 13 (weekends and holidays not included in calculation when it would be the last day of the period); Fed. R. Civ. P. 6.

[35]A member of my staff unsuccessfully searched the on-line death notices and obituaries in an effort to ascertain Sloan's date of death.  My staff member contacted the Louisiana State Bar Association on November 16, 2018, and was advised that the office maintained the official death date as March 30, 2014.

12

court found that McFadden had not established that his counsel was obligated to file further pleadings and that his assumption that counsel was handling the matter did not establish any deception by counsel or otherwise justify equitable tolling. Id. at * 3 (citing Cousin, 301 F.3d at 849 ("mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified")); see, Marte v. Brown, No. 09-1036, 2010 WL 1644271, at *4 (S.D.N.Y. Apr. 10, 2010) (petitioner not entitled to equitable tolling because he failed to establish causal link between counsel's death in 2005 and the three and one-half year delay in filing his federal habeas in 2008, and petitioner's failure to keep abreast of the status of his own case, demonstrated a lack of diligence.)

Similarly, James has offered no evidence, beyond his mere allegation, sufficient to establish that his appointed appellate counsel had committed to file a Louisiana Supreme Court writ application after the direct appeal was decided on November 1, 2013, or after the rehearing application (also filed by appellate counsel) was denied on January 17, 2014; or that counsel was too sick to do so, when circumstances indicate that the deadline for filing the writ application was more than five weeks before counsel's death.

In addition, during this same time period, James was still represented by his trial counsel on a motion for a new trial filed in the state trial court on February 12, 2014, and denied by the court on March 10, 2014. His trial counsel also filed another motion for a new trial on April 3, 2014, which was denied by the state trial court on April 14, 2014.

13

Under these circumstances, James establishes no basis for this court to extend the extraordinary remedy of equitable tolling because his appointed <u>appellate</u> counsel died after the conviction was final and while he <u>still</u> was represented by his <u>trial</u> counsel. James has not demonstrated that he is entitled to equitable tolling as a result of the death of his appellate counsel.

Even assuming that counsel's death was somehow extraordinary, the courts have recognized that "even if a prisoner shows that 'extraordinary circumstances' occurred, the prisoner must still establish that he acted with due diligence in order to be entitled to equitable tolling." <u>Powe v. Culliver</u>, 205 F. App'x 729 (11th Cir. 2006), <u>cert. denied</u>, 549 U.S. 1270 (2007). In addition, "[a] party seeking equitable tolling must have diligently pursued his rights for the entire period he seeks tolled, not merely once he discovers the underlying circumstances warranting tolling." <u>Neves v. Holder</u>, 613 F.3d 30, 36 (1st Cir. 2010), <u>cert. denied</u>, 564 U.S. 1030 (2011); <u>Marte</u>, 2013 WL 1644271, at *4 (a petitioner's failure to keep abreast of the status of his own case demonstrates a lack of diligence).

In this case, James does not suggest or establish that he attempted to contact his appellate counsel during the period from the denial of his direct appeal on November 1, 2013, through September 2015, the almost two years during which he claims that he thought his Louisiana Supreme Court writ application was pending. He also has not established that anything prevented him or his trial counsel, who continued to represent

14

him in 2014, from pursuing state post-conviction or other collateral review during that time period.  Accord Williams v. Hoffner, No. 15-CV-11435, 2015 WL 7423812, at *4 (E.D. Mich. Nov. 23, 2015) ("The attorney's death, while unfortunate, did not impair Petitioner's own ability to pursue collateral review in state court or habeas review in federal court within the one-year grace period.").  James has not established reasonable diligence in pursuing his rights sufficient to support equitable tolling in this case.

James, therefore, has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case.  The record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case.  See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling

warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-78.

The decisions of the Fifth Circuit and other federal courts have held that, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

17

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

In this case, the one-year AEDPA statute of limitations began to run on February 19, 2014, the day after James's conviction became final under federal law. The period continued to run uninterrupted for one year, until February 18, 2015, when it expired. James had no properly filed application for state post-conviction relief or other collateral

review during that time period that might have tolled the AEDPA one-year statute of limitations.

I recognize that, on February 12, 2014, James's trial counsel filed a motion for a new trial in the state trial court. However, it was not properly or timely filed and was denied as such by the state trial court on March 10, 2014. Similarly, the motion for new trial filed by his trial counsel on April 3, 2014, also was not properly filed and was denied by the trial court as untimely. As to both of these motions, an untimely filed state court pleading does not provide any tolling benefit under the AEDPA. See Pace, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); Butler, 533 F.3d at 317; Roberts, 319 F.3d at 693.

James, therefore, had no properly filed state court post-conviction or other collateral review pending in any state court during that time period. His next state court pleading was the application for post-conviction relief filed by his retained counsel on October 12, 2015, which was almost eight months after the AEDPA one-year filing period expired on February 18, 2015. James, however, is not entitled to tolling for a state court filing made after expiration of the AEDPA limitations period. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period); Higginbotham v. King, 592 F. App'x 313, 314 (5th Cir. 2015) (citing Scott, 227 F.3d at 263); see also,

19

Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002) (missing the AEDPA deadline by even one day renders a federal petition untimely).

Under the mailbox rule, James's federal petition is deemed filed on June 11, 2018, which was more than three years and three months after the AEDPA one-year statute of limitations expired on February 18, 2015. His federal petition was not timely filed and must be dismissed with prejudice for that reason.[36]

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Chazmon James's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

---

[36]James has asserted no excuse to avoid the expiration of the limitations period, and the actual innocence exception is irrelevant. James has not brought any new, reliable evidence to meet the high burden set forth in McQuiggin v. Perkins, 569 U.S. 383 (2013). Furthermore, the holding in Martinez v. Ryan, 566 U.S. 1 (2012), also is not relevant to this timeliness discussion. In Martinez, the Supreme Court held that a procedural bar imposed by state courts "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" Trevino v. Thaler, 569 U.S. 413, 429 (2013) (quoting Martinez, 566 U.S. at 13). First, the state courts did not bar but instead addressed the merits of his ineffective assistance of counsel claims. Second, dismissal here is based not on a state procedural bar but on James's failure to timely file his federal habeas petition. The decisions in Martinez and Trevino do not address or excuse the untimely filing of a federal habeas petition. See Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the Martinez rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); Smith v. Rogers, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); Falls v. Cain, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation). Martinez and Trevino also are not new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA. See In re Paredes, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) (". . . the Supreme Court has not made either Martinez or Trevino retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); Adams v. Thaler, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Neither Martinez nor Trevino provide equitable or statutory relief from James's untimely filing.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[37]

New Orleans, Louisiana, this ____13th____ day of December, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[37]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.